IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOEY TORREY,

    Plaintiff,        No. CIV S-05-0388 LKK DAD P

    vs.

FEDERAL BUREAU OF
INVESTIGATION LAS VEGAS
NEVADA DIVISION, et al.,

    Defendants.        ORDER

_____/

    Plaintiff, a state prisoner proceeding pro se, commenced this action by filing a document titled "Petition for Declaratory Injunctive Relief and Temporary Restraining Order." In his introductory paragraph, plaintiff alleges that the Federal Bureau of Investigation Las Vegas Nevada Division and FBI agents Bobby Bennett, Henry Schultz, and Frankie Manzione failed to protect plaintiff's civil rights when they "allowed the State of California to appeal Plaintiff's release" and thereby violated plaintiff's Eighth and Fourteenth Amendment rights. Plaintiff has not paid the required filing fee of $250.00 or submitted an application to proceed with this action in forma pauperis. See 28 U.S.C. §§ 1914(a) & 1915(a).

    The court is required to screen every complaint brought by a prisoner seeking relief against a governmental entity, or against an officer or employee of a governmental entity.

1

28 U.S.C. § 1915A(a). The court must dismiss all claims that are frivolous or malicious, all claims that fail to state a claim upon which relief may be granted, and all claims that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). A claim must be dismissed as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. A claim must be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). The court construes pro se pleadings in the light most favorable to the plaintiff and resolves doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

        In the present case, plaintiff is confined in Mule Creek State Prison in Ione, California. All named defendants reside in the State of Nevada. Plaintiff claims jurisdiction under 28 U.S.C. § 1332, requests "pendent jurisdiction" over unspecified claims,[1] and alleges that venue is proper on the grounds that he "resides in the jurisdiction of this court and pursuant to Title 28 U.S.C. § 1391."

        The allegations of plaintiff's complaint are as follows: On January 4, 2002, after serving 24 years in state prison on a term of 25 years to life, plaintiff was released on bail pending appeal from an order granting his petition for writ of error coram nobis; while free on

---

[1] Plaintiff requests that the court exercise pendent jurisdiction "pursuant to local rule 8-204 of the United States District Court for the Eastern District of California." The rule cited by plaintiff provides as follows: "When an affirmative allegation of jurisdiction is required pursuant to Fed. R. Civ. P. 8(a)(1), it (I) shall appear as the first allegation of any complaint, petition, counterclaim, cross-claim or third-party claim, (ii) shall be styled 'Jurisdiction,' (iii) shall state the claimed statutory or other basis of federal jurisdiction, and (iv) shall state the facts supporting such jurisdictional claim." The rule makes no provision for "pendent jurisdiction" and is not a source of authority for exercising such jurisdiction.

bail, plaintiff decided to box professionally and signed a promotional deal with a Las Vegas-based boxing company; immediately after signing the deal, and while training in San Diego, he was contacted by the FBI; defendants Bennett and Schultz met with plaintiff in Las Vegas and asked him to gather information on the fixing of fights and other criminal activity in the boxing community; plaintiff was promised by these defendants that the Los Angeles County District Attorney's Office would not challenge plaintiff's writ and he would not be returned to prison; plaintiff agreed to the proposal and was subsequently informed that the agreement had been approved by FBI headquarters and that the U.S. Attorney's Office had struck a deal regarding plaintiff with the Los Angeles County District Attorney's Office; plaintiff signed a contract that provided him with a monthly salary, an expense account, an apartment, cars, jewelry, and a percentage of any assets seized; over a period of 16 months, plaintiff worked with defendant Manzione, a New York City Police Department detective on loan to the FBI, to infiltrate the inner circle of the promotional company and organized crime; plaintiff was repeatedly assured that he would not return to prison; in September of 2003, the California Court of Appeal in Los Angeles affirmed plaintiff's sentence and sent plaintiff back to prison.

Plaintiff contends that the defendants failed to protect him, failed to provide the state court with information concerning his service to the FBI, and allowed the Los Angeles County District Attorney's Office to appeal his release; prior to his return to custody, plaintiff met with defendants Schultz and Bennett in Las Vegas and was told that their investigation was over and he was no longer needed; defendant Manzione told plaintiff that "they" had lied to plaintiff and to him, that he would tell the truth if asked, and that plaintiff should be placed in the Federal Witness Protection Program. Plaintiff seeks specific performance of the promises made in his agreement with the FBI, his release from prison and immediate placement in the Federal Witness Protection Program, monies owed to him pursuant to his contract, and extensive monetary damages.

/////

        The jurisdictional statute cited by plaintiff gives federal district courts original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000 and there is diversity of citizenship between the parties.  See 28 U.S.C. § 1332(a). Plaintiff's prayer for damages in excess of $75,000 and his allegations concerning his residence in California and defendants' residence in Nevada appear to establish that jurisdiction predicated on 28 U.S.C. § 1332 is proper.  In a civil action in which a defendant is (1) an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, (2) an agency of the United States, or (3) the United States, the action may be brought in the judicial district where the plaintiff resides, if no real property is involved in the action.  28 U.S.C. § 1391(e).  The defendants in this action include an agency of the United States and three employees of that agency, and plaintiff alleges that the three employees acted under color of legal authority.  It appears that venue is proper in the this district.

        The record reflects that the pro se plaintiff mailed copies of his petition to the three individual defendants.  Service of a pleading on agencies and employees of the United States is governed by Rule 4(I) of the Federal Rules of Civil Procedure.  The court has not authorized service of plaintiff's pleading and has not directed the clerk to issue a summons for service of process on any defendant.  In response to plaintiff's improper service of his pleading, the United States Attorney for the Eastern District of California has filed documents certifying that, with respect to the incidents referred to in plaintiff's pleading, defendants Bennett, Schultz, and Manzione were acting within the scope of their employment as employees of the United States.  On that basis, the United States Attorney has also filed a notice of substitution of the United States of America in place of defendants Bobby Bennett, Henry Schultz, and Frankie Manzione as to all common law tort claims pled by plaintiff, but not as to any claims alleging constitutional violations by individual defendants.

        It is well established that a person who seeks redress for damages sustained when federal officials violate a provision of the United States Constitution may be able to state a

4

federal cause of action directly under the constitutional provision that is alleged to have been violated. Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 390, 397 (1971). In Bivens, the plaintiff alleged that agents of the Federal Bureau of Narcotics made a warrantless entry into his apartment under color of federal authority, searched his apartment, and arrested him without probable cause. The Supreme Court ruled that the alleged violations arose directly under the Fourth Amendment and stated a federal cause of action for damages. Id. at 392-94, 397. The Bivens remedy is not restricted to Fourth Amendment claims. Gibson v. United States, 781 F.2d 1334, 1341-42 (9th Cir. 1986) (joining other circuits in recognizing that claims are properly cognizable through a Bivens-type action directly under the First Amendment). Bivens actions are "the judicially crafted counterpart to [42 U.S.C.] section 1983, enabl[ing] victims of federal misconduct to sue the individual federal wrongdoers responsible for the transgression of their rights." Id. at 1341. "Actions under § 1983 and those under Bivens are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens." Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991).

     In accordance with the standards applicable to pro se pleadings, the court construes plaintiff's petition as a complaint in which the plaintiff is attempting to allege claims for Bivens-type relief as well as common law tort claims. Plaintiff commences his pleading by claiming that the individual defendants failed to protect his civil rights when they "allowed" the State of California to appeal his release, "ergo violating the plaintiff's 8th and 14th Amendments to the U.S. Constitution." (Pet. at 1.) In the section of his pleading titled "Cause of Action," plaintiff claims the FBI and the individual defendants violated his "5th, 8th, and 14th Amendments to the U.S. Constitution" when they did not protect him "from being prosecuted again after plaintiff was paid to spy and gather information on pending indictments" and "violated Plaintiff's due process rights under the 14th Amendment of the U.S. Constitution and subjected the plaintiff to cruel and unusual punishment which is prohibited by the 8th

/////

Amendment to the U.S. Constitution when the State of California resentenced Plaintiff to 25-years to life again." (Pet. at 6.)

The Fourteenth Amendment places limitations on the state and is not applicable to the actions of federal agencies and federal agents. See U.S. Const. amend. XIV, § 1 ("No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."). Therefore, plaintiff's Fourteenth Amendment claims against federal defendants must be dismissed as legally frivolous.

Any violation of plaintiff's due process rights in this case arose, if at all, under the Fifth Amendment, which provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V.  The court finds that plaintiff's Fifth Amendment claims suffer from several defects.  First, plaintiff is in custody pursuant to a state criminal conviction that is not at issue in this action.  When a state prisoner challenges the legality of his custody and the relief he seeks is his release, his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2]  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  In addition, plaintiff has not identified a constitutionally cognizable liberty interest independent of his state criminal conviction and has not described what process was due from the defendants named in this action with respect to such a liberty interest.  Plaintiff's Fifth Amendment claims must be dismissed for failure to state a claim upon which relief may be granted.

/////

---

[2] Before a state prisoner may bring a federal habeas corpus action, he must exhaust state court remedies by presenting his claims to the highest state court. See Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986). A federal habeas petition challenging a Los Angeles County conviction should be filed in the United States District Court for the Central District of California.

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. As noted above, plaintiff is in custody pursuant to a criminal conviction that is not at issue in this case. Whether the sentence imposed for plaintiff's state criminal conviction is cruel and unusual is not a proper issue in this civil rights action against federal defendants. Plaintiff's Eighth Amendment claims must also be dismissed as legally frivolous.

Plaintiff's complaint, as alleged, fails to state any Bivens claim upon which relief may be granted. Plaintiff will be afforded an opportunity to amend his complaint in order to cure the defects of his constitutional claims and to omit any prayer for relief that is available only in habeas corpus proceedings. If plaintiff does not cure the defects of his complaint, this action will proceed solely on plaintiff's common law tort claims and his prayer for damages.

Under the Local Rules of Practice, every amended complaint must be complete in itself as if it were the first pleading filed in the case. Local Rule 15-220. Jurisdictional allegations must be included in the amended complaint, all parties must be full identified, and the involvement of each defendant must be sufficiently alleged. The amended complaint may not incorporate all or any part of plaintiff's original pleading, and the court will not refer to the prior pleading in order to make the amended complaint complete. The amended complaint will supersede the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

In order to proceed with this action, plaintiff must pay the $250.00 filing fee in full or submit a properly completed application to proceed in forma pauperis that demonstrates his inability to pay the filing fee. Plaintiff is cautioned that any in forma pauperis application must be certified by prison officials and must include a certified copy of plaintiff's prison trust account statement covering the six-month period preceding the filing of this action.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff shall submit, within thirty days from the date of this order, full payment of the $250.00 filing fee or a properly completed application to proceed in forma

pauperis on the form provided with this order; plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed without prejudice;

    2. Plaintiff is granted leave to file an amended complaint within thirty days from the date of this order; an amended complaint must bear the case number assigned to this case and must be labeled "Amended Complaint"; plaintiff's failure to file an amended complaint will result in a recommendation that all of plaintiff's constitutional claims be dismissed for failure to state a claim upon which relief may be granted; and

    3. The Clerk of the Court is directed to send plaintiff an Application to Proceed In Forma Pauperis By a Prisoner.

DATED: May 4, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
torr0388.14p