IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOEY TORREY,

        Plaintiff,                        No. CIV S-05-0388 LKK DAD P

    vs.

FEDERAL BUREAU OF
INVESTIGATION LAS VEGAS
NEVADA DIVISION, et al.,         ORDER AND

        Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with this action. The case is before the court for rulings on several motions and requests filed by plaintiff and on defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

PROCEDURAL HISTORY OF THE CASE

        Plaintiff commenced this action by filing a pleading in which he sued the Federal Bureau of Investigation Las Vegas Nevada Division and three FBI agents. As observed in this court's order filed May 4, 2005, plaintiff alleges as follows: On January 4, 2002, after serving 24 years in state prison on a term of 25 years to life, he was released on bail pending appeal from an order granting his petition for writ of error coram nobis; while free on bail, plaintiff decided to box professionally and signed a promotional deal with a Las Vegas-based boxing company;

1

immediately after signing the deal, and while training in San Diego, he was contacted by the FBI; defendants Bennett and Schultz (later identified as Schlumpf) met with plaintiff in Las Vegas and asked him to gather information on the fixing of fights and other criminal activity in the boxing community; plaintiff was promised by these defendants that the Los Angeles County District Attorney's Office would not challenge plaintiff's writ and he would not be returned to prison; plaintiff agreed to the proposal and was subsequently informed that the agreement had been approved by FBI headquarters and that the U.S. Attorney's Office had struck a deal regarding plaintiff with the Los Angeles County District Attorney's Office; plaintiff signed a contract that provided him with a monthly salary, an expense account, an apartment, cars, jewelry, and a percentage of any assets seized; over a period of 16 months, plaintiff worked with defendant Manzione, a New York City Police Department detective on loan to the FBI, to infiltrate the inner circle of the promotional company and organized crime; plaintiff was repeatedly assured that he would not return to prison; in September of 2003, the California Court of Appeal in Los Angeles affirmed plaintiff's sentence and plaintiff was sent back to prison.

        Plaintiff contends that the defendants failed to protect him, failed to provide the state court with information concerning his service to the FBI, and allowed the Los Angeles County District Attorney's Office to appeal his release; prior to his return to custody, plaintiff met with defendants Schlumpf and Bennett in Las Vegas and was told that their investigation was over and he was no longer needed; defendant Manzione told plaintiff that "they" had lied to plaintiff and to him, that he would tell the truth if asked, and that plaintiff should be placed in the Federal Witness Protection Program. Plaintiff sought millions of dollars in damages as well as declaratory and injunctive relief.

        Prior to the court's screening of the pleading, plaintiff mailed copies of it to individual defendants Bennett, Schlumpf, and Manzione. No summons has been issued, and service of the complaint was not effected in accordance with the requirements of Fed. R. Civ. P. 4.

On April 14, 2005, the United States Attorney's Office, having reviewed the pleading mailed to the three individual defendants, filed a certification that the three individuals were acting within the scope of their employment as employees of the United States at the time of the incidents alleged in the pleading. On the same date, the United States Attorney's Office filed a notice of substitution of the United States of America as defendant in place of the three individual defendants for purposes of plaintiff's common law tort claims but not for the constitutional claims alleged against the three individuals.

On May 5, 2005, the court granted plaintiff thirty days to pay the required filing fee or submit an application to proceed in forma pauperis. Plaintiff filed an in forma pauperis application on May 13, 2005, and the application was granted on May 23, 2005.

The district court is required to screen the complaint in any civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.[1] 28 U.S.C. § 1915A(a). The court must identify cognizable claims and dismiss any portions of the complaint that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). The plaintiff in this case is a prisoner who seeks redress from a governmental entity and three employees of that entity. Accordingly, the undersigned screened plaintiff's pleading and determined that it fails to state any cognizable federal claim. By order dated May 4, 2005, plaintiff's complaint was dismissed with leave to amend, and plaintiff was granted thirty days to file an amended complaint.

On June 1, 2005, the court received plaintiff's motion for an expansion of time to file his amended complaint. On June 6, 2005, the court received plaintiff's amended complaint with a proof of service indicating that the document was delivered to prison authorities for

---

[1] For purposes of § 1915A, a prisoner is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

1  mailing on June 2, 2005.  Under the prisoner mailbox rule, plaintiff's amended complaint was
2  constructively filed on June 2, 2005.  Because the amended complaint was filed within thirty
3  days after May 4, 2005, plaintiff's motion for expansion of time will be denied as unnecessary.
4         On June 29, 2005, defendants filed their motion to dismiss the amended
5  complaint.  Plaintiff filed a timely motion for an extension of time to August 18, 2005, to
6  respond to defendants' motion.  However, plaintiff did not file opposition to the motion within
7  the time requested and did not request any further extension of time.  The July 12, 2005 request
8  will be denied as moot.

PLAINTIFF'S APPLICATION TO FILE A SECOND AMENDED COMPLAINT

10         On July 15, 2005, plaintiff filed an application for leave to file a second amended
11  complaint but did not submit a proposed second amended complaint.  In his application, plaintiff
12  first asserts that he "was not aware that he was to use his facts; and documents as exhibits" but
13  then claims he merely "forgot" to attach his exhibits to his amended complaint.  (Pl.'s
14  Application for Leave to File Second Am. Compl. filed July 15, 2005, at 1.)  Plaintiff contends
15  that his "statement of facts is without merit minus all of [his] exhibits" and argues that he "truly
16  needs to amend his complaint with existing material."  (Id.)  Plaintiff's application does not refer
17  to defendants' motion to dismiss and does not suggest that the proposed addition of exhibits will
18  serve to resolve any ground for dismissal asserted by the defendants.
19         On July 21, 2005, plaintiff submitted a proposed second amended complaint that
20  includes 22 exhibits.  The allegations of the pleading itself appear to be identical to those
21  contained in the first amended complaint except for the addition of citations to the exhibits and
22  two pages of new allegations concerning plaintiff's adherence to the terms of the parties'
23  agreement, defendants' breach of the agreement, and plaintiff's correspondence with various
24  agencies and persons about defendants' conduct.  (Compare Pl.'s Second Am. Compl. at 10:25
25  through 12 with Pl.'s Am. Compl. at 10:25.)  In the proposed second amended complaint,
26  plaintiff has also expanded his prayer for relief to include requests for (1) an order requiring his

4

present custodians to single cell him, (2) an evidentiary hearing, (3) discovery of FBI documents and materials, and (4) "a full investigation." (Compare Pl.'s Second Am. Compl. at 19-21 with Pl.'s Am. Compl. at 17-19.) In addition, plaintiff has deleted his improper request for damages arising from alleged illegal confinement and has reduced all sums of money sought from defendants. (Id.)

Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend his or her pleading "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a) (emphasis added). Plaintiff has already amended his pleading once and may further amend "only by leave of court or by written consent of the adverse party." Id. In general, "leave shall be freely given when justice so requires." Id. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).

Plaintiff has not opposed defendants' motion to dismiss and has not requested leave to amend for the purpose of curing the defects asserted by defendants in their pending motion. It does not appear that the defects at issue can be cured by plaintiff's proposed amendments. Plaintiff's application for leave to file the proposed second amended complaint will be denied without prejudice to a renewed motion if defendants' motion to dismiss is denied.

PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF

In a motion for temporary restraining order filed August 2, 2005, plaintiff asks the court to (1) direct defendants to inform state prison officials immediately of plaintiff's past assistance in a federal government investigation and (2) order state prison officials to single cell plaintiff immediately and until this litigation is completed.

Plaintiff argues that the proposed orders are needed to secure his personal safety and the safety of his legal and confidential documents. Plaintiff asserts that his history as an FBI informant was revealed by FBI sources and resulted in his being stabbed while he was housed in the Los Angeles County Jail. Plaintiff states that upon arrival at Mule Creek State Prison he

1  informed prison staff of his history as an FBI informant and of his need for a single cell "for
2  peace of mind and safety concerns" but prison officials knew nothing about his assistance to the
3  government and accused him of not telling the truth.  Plaintiff admits that prison officials
4  subsequently contacted law enforcement officers and confirmed plaintiff's statements, but he
5  complains that prison officials still did not single cell him.  Plaintiff argues that he is in danger of
6  immediate and irreparable injury, that defendants will not be substantially harmed by the order he
7  seeks, and that there is an overwhelming likelihood that he will win a final judgment on the
8  claims in his amended complaint.  Plaintiff contends that he will suffer harm if he continues to be
9  celled with other inmates who may read his confidential documents, inform other inmates of the
10 contents of the documents, and take or destroy the documents.  Plaintiff asserts that his efforts to
11 give notice to the adverse parties "are described in Exhibits 9, 10, and 11 attached." (Pl.'s Brief
12 in Supp. of Pl.'s Mot. for T.R.O. at 5.)  No exhibits were attached to plaintiff's brief, and no
13 proof of service was submitted with the motion.

14          In a letter received by the Clerk of the Court on September 30, 2005, plaintiff
15 states that prison officials "have been as kind as to single-cell me to date" but worries that they
16 will not continue to do so if he fails to obtain a court order requiring prison officials to assign
17 him to a single cell.

18          In general, the purpose in issuing a temporary restraining order is to preserve the
19 status quo pending a fuller hearing.  Because plaintiff's motion does not seek orders preserving
20 the status quo, the court will construe plaintiff's request as a motion for preliminary injunction.
21 The legal principles applicable to requests for injunctive relief are well established.  To prevail,
22 the moving party must show a likelihood of success on the merits of his claims and the
23 possibility of irreparable injury if injunctive relief is not granted, or he must demonstrate that
24 serious questions are raised and the balance of hardships tips sharply in his favor.  Coalition for
25 Econ. Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle
26 Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985).  These two formulations represent points on a

1  sliding scale, with the focal point being the degree of irreparable injury shown. Oakland Tribune,
2  762 F.2d at 1376. "Under any formulation of the test, plaintiff must demonstrate that there exists
3  a significant threat of irreparable injury." Id. In the absence of that minimum showing, the court
4  need not reach the issue of the plaintiff's likelihood of success on the merits. Id.

5  　　　　　In general, the court cannot issue orders against persons or entities who are not
6  parties to the suit pending before the court. See Zenith Radio Corp. v. Hazeltine Research, Inc.,
7  395 U.S. 100, 112 (1969) (holding that it was error for the lower court to enforce an order against
8  a nonparty without having determined, "in a proceeding to which [the nonparty] was a party,"
9  that the nonparty acted in concert with the defendants and received actual notice of the order by
10 personal service or otherwise). If a preliminary injunction is entered with respect to prison
11 conditions, the injunction "must be narrowly drawn, extend no further than necessary to correct
12 the harm the court finds requires preliminary relief, and be the least intrusive means necessary to
13 correct that harm." 18 U.S.C. § 3626(a)(2).

14 　　　　　Here, plaintiff is in the custody of state officials, and those officials are
15 responsible for plaintiff's safety and housing. Plaintiff has not demonstrated that he provided
16 state officials, who are not parties to this action and who are not represented by the United States
17 Attorney's Office, with any notice of his motion for injunctive relief. Moreover, plaintiff
18 subsequently notified this court that prison staff investigated plaintiff's allegations concerning his
19 involvement in a federal investigation, confirmed his involvement, re-housed plaintiff in a single
20 cell, and that he is presently housed in a single cell. It appears that plaintiff's motion for
21 preliminary injunctive relief is moot with regard to both of the orders requested by plaintiff.

22 　　　　　To the extent that plaintiff seeks an injunction requiring state officials to single
23 cell him until this litigation is ended, plaintiff's motion lacks merit. The parties to this action do
24 not include any state officials, and the federal defendants who are parties to this action are not
25 responsible for plaintiff's safety and housing. If state prison officials fail to meet plaintiff's
26 safety needs, plaintiff's remedy is to seek relief by means of the CDC's administrative appeal

process and, if necessary after exhausting that process, file a lawsuit against the officials who are failing to protect him from harm.

For all of the reasons discussed above, the undersigned will recommend that plaintiff's motion for injunctive relief be denied.

DEFENDANTS' MOTION TO DISMISS

I. Standards Applicable to Motions Brought Pursuant to Rule 12(b)(1) and (6)

A motion brought pursuant to Rule 12(b)(1) is a challenge to the court's jurisdiction over the subject matter of the complaint. Fed. R. Civ. P. 12(b)(1). Since federal courts are courts of limited jurisdiction, a case presumably lies outside the jurisdiction of the federal courts unless proven otherwise. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). When a defendant moves to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of proof that jurisdiction exists. Id.; Sopcak v. Northern Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir.1995).

If a Rule 12(b)(1) motion attacks the complaint on its face, the court considers the allegations of the complaint to be true, and the plaintiff enjoys "safeguards akin to those applied when a Rule 12(b)(6) motion is made." Doe v. Schachter, 804 F. Supp. 53, 56 (N.D. Cal. 1992). If the motion makes a factual attack on subject matter jurisdiction, the motion is a challenge to the truth of the jurisdictional facts underlying the complaint, and the court does not presume the factual allegations of the complaint to be true. Thornhill Publ'g Co. v. General Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir.1979). "Faced with a factual attack on subject matter jurisdiction, the trial court may proceed as it never could under Rule 12(b)(6) . . . . No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id. (quotation marks and citation omitted). The court may consider evidence such as declarations and testimony to resolve factual disputes concerning the existence of jurisdiction. McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

The purpose of a motion to dismiss under rule 12(b)(6) is to test the legal sufficiency of the complaint." North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of the complaint "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984)).

In considering a motion to dismiss for failure to state a claim, the court accepts as true all material allegations in the complaint and construes those allegations, as well as the reasonable inferences that can be drawn from them, in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1990). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Pro se pleadings must be held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). In general, a motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. Hishon, 467 U.S. at 73; Cervantes v. City of San Diego, 5 F.3d 1273, 1274-75 (9th Cir. 1993).

II. Analysis

Defendants seek dismissal of all of plaintiff's claims, including any claims for breach of contract, any common law tort claims, and any constitutional tort claims.

    A.  Breach of Contract Claims

Defendants observe that suits against federal agencies and officers acting in their official capacities are considered suits against the United States because any judgment against the agencies or the officers would necessarily be paid out of the United States Treasury. (Defs.' Mot. to Dismiss at 4, citing Dugan v. Rank, 372 U.S. 609, 620 (1963), and Stafford v. Briggs, 444 U.S. 527, 542 n.10 (1980).) Defendants assert that the exclusive remedy for any breach of a

contract entered into by a federal agent lies in an action against the United States under the Tucker Act, 28 U.S.C. § 1491(a)(1), or the Little Tucker Act, 28 U.S.C. § 1346(a)(2). (Defs.' Mot. to Dismiss at 5-6, citing Humphries v. Various Fed. USINS Employees, 164 F.3d 936, 941 (5th Cir. 1999).)

The Tucker Act provides that the United States Court of Federal Claims has jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Little Tucker Act provides that the United States District Courts have concurrent jurisdiction with the United States Court of Federal Claims over any civil action or claim "not exceeding $10,000 in amount." 28 U.S.C. § 1346(a)(2). Defendants argue that a plaintiff who brings an action seeking more than $10,000 may not remain in district court unless he waives all recovery in excess of $10,000. (Defs.' Mot. to Dismiss at 5, citing North Side Lumber Co. v. Block, 753 F.2d 1482, 1484-85 (9th Cir. 1985), and Stone v. United States, 683 F.2d 449, 451 (D.C. Cir. 1982).)

By the amended complaint in the present case, plaintiff seeks to recover millions of dollars. In his proposed second amended complaint, plaintiff seeks to recover sums that total an amount well in excess of $10,000. Plaintiff has not opposed defendants' motion to dismiss his breach of contract claims and in any event has not agreed to waive all recovery in excess of $10,000. The undersigned finds that any breach of contract claims contained in plaintiff's amended complaint should be dismissed without prejudice to the pursuit of damages from the United States in the United States Court of Federal Claims.[2]

/////

---

[2] "The Tucker Act empowers district courts to award damages but not to grant injunctive or declaratory relief." Lee v. Thornton, 420 U.S. 139, 140 (1975). See also Price v. United States Gen. Servs. Admin., 894 F.2d 323, 324 (9th Cir. 1990) ("The Act does not . . . authorize the district courts to grant declaratory or equitable relief against the United States.").

B. <u>Common Law Tort Claims</u>

Defendants note that some of plaintiff's claims may be construed as stating common law tort claims. Defendants contend that any such claims, whether against the United States, the FBI, or the individual agents acting within the scope of their federal employment, should be dismissed because (2) plaintiff's sole remedy for those claims would be an action against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 2671, et seq., and (2) plaintiff cannot proceed on FTCA claims unless he filed an administrative claim with the appropriate agency within two years after the claims arose. Defendants point out that plaintiff has not alleged the filing of any FTCA claim and assert that the FBI has no record of receiving such a claim from plaintiff. (Defs.' Mot. to Dismiss at 6-7.)

Plaintiff has not opposed the dismissal of any common law tort claims encompassed by the allegations of this amended complaint, and he has not alleged that he filed any FTCA claim. The undersigned finds that all common law tort claims encompassed by the allegations of plaintiff's pleadings should be dismissed with prejudice.

C. <u>Constitutional Tort Claims</u>

Defendants assert that plaintiff's amended complaint broadly alleges that the conduct of the FBI agents in reneging on their alleged promise to keep plaintiff out of prison violated several of plaintiff's constitutional rights. Defendants contend that any constitutional tort claims against the United States should be dismissed with prejudice because the United States has not waived its sovereign immunity to claims for monetary damages arising from alleged violations of the Constitution. (Defs.' Mot. to Dismiss at 7-8, citing <u>FDIC v. Meyer</u>, 510 U.S. 471, 474, 477 (1994).)

Defendants argue further that any constitutional tort claims against the individual FBI agents should also be dismissed with prejudice because there is no <u>Bivens</u> remedy for breach of oral promise by a federal employee and the sole remedy for such a breach lies in a claim against the United States under the Tucker Act. (Defs.' Mot. to Dismiss at 8-9.) Defendants

contend that Tucker Act jurisdiction extends to all claims that the United States has breached its agreements and that the existence of this meaningful alternative remedy is a special factor counseling against the extension of the Bivens remedy to a new context. (Id. at 9-11, citing, inter alia, Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388, 396 (1971), Bush v. Lucas, 462 U.S. 367 (1983), Sky Ad, Inc. v. McClure, 951 F.2d 1146, 1148 (9th Cir. 1991), and Moore v. Glickman, 113 F.3d 988, 991 (9th Cir. 1997).)

Plaintiff has not opposed dismissal of his constitutional tort claims and has made no showing that the Tucker Act does not provide him with a meaningful alternative remedy. The undersigned finds that plaintiff's constitutional tort claims arising from alleged breach of promise should be presented as claims against the United States under the Tucker Act and that such claims, as discussed supra, must be filed in the United States Federal Court of Claims.

Accordingly, IT IS ORDERED that:

1. Plaintiff's June 1, 2005 motion for expansion of time to file amended complaint (docketed as #17) is denied;

2. Plaintiff's July 12, 2005 motion for expansion of time to file opposition to motion to dismiss (docketed as #23) is denied;

3. Plaintiff's July 15, 2005 application for leave to file second amended complaint (docketed as #24) is denied;

4. Plaintiff's requests for status of his motion for temporary restraining order, filed September 26, 2005, September 30, 2005, November 4, 2005, and December 23, 2005, (docketed as #28, #29, #30, and #32) are denied;

5. Plaintiff's November 29, 2005 correspondence with the Attorney General regarding an investigation and a federal protective order (docketed as #31) will be disregarded; and

/////

/////

IT IS RECOMMENDED that:

1. Defendants' June 29, 2005 motion to dismiss (docketed as #22) be granted, plaintiff's contract claims be dismissed without prejudice to the filing of an action in the United States Court of Federal Claims, plaintiff's common law tort claims be dismissed without prejudice to the filing of a new judicial action after filing an FTCA claim and exhausting his administrative remedy, and plaintiff's constitutional tort claims be dismissed with prejudice;

2. Plaintiff's August 2, 2005 motion for temporary restraining order (docketed as #26) be denied; and

3. This action be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fifteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 21, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
torr0388.mtdmpi